UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No: 3:06cr160 (PCD) |
| | : | |
| AZIKIWE AQUART | : | |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION**

At issue is Defendant Azikiwe Aquart's Motion for Reconsideration [Doc. No. 28], filed with this Court on July 28, 2006. Defendant requests that the Court reconsider its decision granting the government's Motion to Compel Major Case Fingerprint Exemplars.[1] (See July 19, 2006 Ruling, Doc. No. 23.) Defendant's Motion for Reconsideration [Doc. No. 28] is **granted**, however, upon reconsideration, the prior ruling is **affirmed**.

Defendant argues that "there is no basis for these fingerprints to be taken" because "there are no fingerprints to compare," and asserts that the government is "using this case to gather evidence in a separate murder case." (Def.'s Mot. Recons. 2.) Defendant, however, fails to raise "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" in requesting reconsideration of the Court's decision. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). Moreover, Defendant cites no authority in support of his argument that he should not be compelled to submit major case fingerprints.

It is well established that fingerprints, like voice and handwriting exemplars, are not

---

[1] The government's Motion for Order to Compel Major Case Fingerprint Exemplars seeks "a more inclusive set of fingerprints for each defendant [i.e., Azikiwe Aquart, the movant here, and Nathaniel Grant] than the standard fingerprints taken at the time the defendants were arrested and processed." (Gov't Mot. Compel 1.) The government asserts that the major case fingerprints are necessary for fingerprint experts to perform a full comparison of the defendants' prints. (Id.)

protected by the Fifth Amendment's privilege against compulsory self-incrimination, that the procurement of a full set of fingerprints is not a "seizure" within the meaning of the Fourth Amendment, and that the Fourth Amendment is not violated by a court directive compelling production of physical characteristics. See Schmerber v. California, 384 U.S. 757, 764, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966) ("both federal and state courts have usually held that [the Fifth Amendment privilege against compulsory self-incrimination] offers no protection against compulsion to submit to fingerprinting"); United States v. Dionisio, 410 U.S. 1, 93 S. Ct. 764, 35 L. Ed. 2d 67 (1973); United States v. Mara, 410 U.S. 19, 93 S. Ct. 774, 35 L. Ed. 2d 99 (1973); In re Liberatore, 574 F.2d 78 (2d Cir. 1978); United States v. Doe, 457 F.2d 895, 899-901 (2d Cir. 1972), cert. denied, 410 U.S. 941, 93 S. Ct. 1376, 35 L. Ed. 2d 608 (1973); see also Davis v. Mississippi, 394 U.S. 721, 727, 89 S. Ct. 1394, 22 L. Ed. 2d 676 (1969) (noting that fingerprinting "involves none of the probing into an individual's private life and thoughts that marks an interrogation or search").  Indeed, law enforcement officers could have obtained the more complete set of fingerprints at the time of Defendant's arrest in New York or when he was processed here in Connecticut in connection with the current narcotics trafficking charge. Moreover, since the Grand Jury investigation in this case is on-going,[2] the government could obtain the fingerprints by serving Defendant with a Grand Jury subpoena.

For the foregoing reasons, Defendant's Motion for Reconsideration [Doc. No. 123] is **granted**, however, upon reconsideration, this Court's prior ruling granting the government's Motion to Compel Major Case Fingerprint Exemplars and ordering Defendant to submit to major

---

[2] The government has informed defense counsel that the investigation in this case in on-going and there may be additional charges brought against Defendant. (See Gov't Resp. to Def.'s Mot. Recons. 2.)

case fingerprinting is **affirmed**.

SO ORDERED.

Dated at New Haven, Connecticut, August  9 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court