# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No: 3:06cr160 (PCD) |
| | : | |
| AZIKIWE AQUART. | : | |

## RULING ON DEFENDANT'S PRETRIAL MOTIONS

Defendant Azikiwe Aquart has filed pretrial motions, requesting (1) the filing of a bill of particulars, and (2) production of documents contrary to the Jenks Act, and consequently, to find the Jenks Act unconstitutional. The government objects to both motions. For the reasons set forth herein, Defendant's Motion for Bill of Particulars [Doc. No. 33] is **denied**, and Defendant's Motion to Compel Discovery, to Preclude Witnesses or Require Production of Witness Statements, and to Declare the Jenks Act Unconstitutional [Doc. No. 34] is **denied**.

## I.      BACKGROUND

On June 6, 2006, an indictment was returned charging Defendant and others—including Defendant's brother, Azibo Aquart—with conspiring to distribute more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Defendant has been detained pending trial, currently scheduled for October 2006.

## II.      MOTION FOR BILL OF PARTICULARS

Defendant requests, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure,[1] that the government be ordered to issue a Bill of Particulars setting forth, with particularity, all

---

[1]      Fed. R. Crim. P. 7(f) provides: "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."

facts it intends to prove as to Defendant's claimed criminal activity as charged in the indictment, including but not limited to (1) a detailed description of said conduct, (2) the date, time, and place of the occurrence of said conduct, (3) the identity (including contact information known to the government) of all persons alleged to have conspired or otherwise participated with Defendant and/or who will testify as to his or her knowledge of said conduct, and (4) the identities of all persons through whom the government intends to prove said conduct.  Defendant asserts that the indictment lacks specifics, including specific dates.  Defendant also asserts that the government has indicated that there is no discovery to produce in this case.

Whether or not to grant a bill of particulars rests within the sound discretion of the court. Generally, a bill of particulars is not necessary "if the information sought by defendant is provided in the indictment or in some acceptable alternate form." United States v. Barnes, 158 F.3d 662, 665-66 (2d Cir. 1998); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). In United States v. Torres, 901 F.2d 205 (2d Cir.), cert. denied, 498 U.S. 906 (1990), the Second Circuit explains the general principles behind a bill of particulars:

> The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial.  A bill of particulars should be *required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused*.  Whether to grant a bill of particulars rests within the *sound discretion of the district court*.  Acquisition of evidentiary detail is not the function of the bill of particulars.  So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion.

Id. at 234 (internal quotations and citations omitted) (emphasis added).  Bills of particulars are appropriately granted when necessary to inform a defendant of the charges against him with

sufficient precision to enable him to prepare a defense, to avoid or minimize unfair surprise, and to plead double jeopardy in bar of future prosecutions for the same offense. See Wong Tai v. United States, 273 U.S. 77, 82, 47 S. Ct. 300, 71 L. Ed. 545 (1927) (trial court appropriately denied request for bill of particulars when there was "nothing in the record indicating that the defendant was taken by surprise in the progress of the trial, or that his substantial rights were prejudiced in any way"); United States v. Chestnut, 533 F.2d 40, 45 (2d Cir.), cert. denied, 429 U.S. 829, 97 S. Ct. 88, 50 L. Ed. 2d 93 (1976) ("An indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (the defendants were hindered in preparing their defense by the district court's failure to issue a bill of particulars compelling the government to reveal crucial information, including the dates of the fake burglaries and the identity of the three fraudulent documents, which were vital to the defendants' understanding of the charges against them).  Because a bill of particulars confines the government's proof to the particulars furnished, a court should not grant a bill of particulars where the consequence of granting the request would be to unduly restrict the government's ability to present its case. See United States v. Diaz, 303 F. Supp. 2d 84, 88 (D. Conn. 2004); United States v. Gibson, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) (citing United States v. Perez, 940 F. Supp. 540, 550 (S.D.N.Y. 1996)).  In deciding whether a bill of particulars should issue, "the question is not whether the information sought would be beneficial to the defendant, but whether it is necessary for his defense." Diaz, 303 F. Supp. 2d at 89.

"[A] bill of particulars is not necessary where the government has made sufficient

disclosures concerning its evidence and witnesses by other means," United States v. Walsh, 194

F.3d 37, 48 (2d Cir. 1999), however, a large volume of discovery may warrant a bill of

particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's

preparation for trial. See, e.g., United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); see

also United States v. Mahaffy, No. 05-CR-613, 2006 U.S. Dist. LEXIS 62210, *5-11 (E.D.N.Y.

Aug. 31, 2006) (collecting cases and noting that "[p]erhaps the most frequent case in which

particulars are warranted is where discovery is overwhelmingly extensive and the government

fails to designate which documents it intends to introduce and which documents are merely

relevant to the defense").  Here Defendant contends that the government has provided no

discovery.

 Although no discovery has been provided, the government contends that much of the

information sought by Defendant is already in his possession.  The indictment charges that

Defendant and others, named and unnamed, conspired to distribute more than fifty grams of

crack cocaine, during the time period "[f]rom in or about January 2005 through and including

August 2005."  The indictment does not provide much detail about the specific acts of which

Defendant is accused, however, it tracks the statutory language of the offenses charged and

sufficiently apprises the defendant of the nature of the accusation against him, thus satisfying

Federal Rule of Criminal Procedure 7(c)(1). United States v. Bagaric, 706 F.2d 42, 61 (2d Cir.

1983).  Moreover, the four-page affidavit filed in support of the arrest warrant and criminal

complaint provides much of the information that Defendant requests.  The affidavit provides (1)

a detailed description of the conduct at issue, (2) the date, time, and place at which the conduct

allegedly occurred, and (3) the names of alleged (and indicted) co-conspirators. (See Donaldson

4

Aff., Ex. 1 to Gov't Resp.)  At issue is a conspiracy, and "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." Diaz, 303 F. Supp. 2d at 89 (citing, among others, United States v. Muyet, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) (holding that the defendants in a conspiracy case may not obtain the ". . . 'whens', 'wheres', and 'with whoms'. . ." in a bill of particulars)).

As to the names of unindicted co-conspirators, courts within the Second Circuit have observed that "[t]he appellate case law is clear that the refusal of a district court to direct the filing of a bill of particulars as to the names of unindicted coconspirators is not an abuse of discretion." United States v. Gotti, 784 F.Supp. 1017, 1018 (E.D.N.Y. 1992) (citing Torres, 901 F.2d at 233-34); see also United States v. Coffey, 361 F.Supp.2d 102, 122 (E.D.N.Y. 2005) ("Courts have been highly reluctant to require a bill of particulars when defendants have asked for specific identities of co-conspirators or others allegedly involved.") (citations omitted). Defendant cites no contrary authority requiring the requested disclosure.

For the reasons set forth above, Defendant's request for a bill of particulars is denied.

## III.  MOTION TO COMPEL DISCOVERY, TO PRECLUDE WITNESSES OR REQUIRE PRODUCTION OF WITNESS STATEMENTS, AND TO FIND THE JENKS ACT UNCONSTITUTIONAL

Defendant moves to compel the government to immediately identify all witnesses the government intends to call at trial, and to produce any and all writings, including but not limited to "FBI 302's" and "DEA 6's" containing reports of proffer sessions or information from said witnesses arising out of or relating to the instant prosecution, and to preclude testimony of any and all witnesses with respect to whom the government has not complied with this request. Alternatively, Defendant asks that the "Jencks Act" be found unconstitutional.

The Jencks Act, 18 U.S.C. § 3500,[2] in pertinent part, provides as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to subject matter as to which the witness has testified.

18 U.S.C. § 3500(a)-(b).  The Jencks Act does not mandate disclosure of statements made by any person who does not testify, and the Second Circuit has repeatedly held that district courts may not order advance disclosure of government witness statements, as such would be inconsistent with the Act itself. See United States v. Coppa, 267 F.3d 132 (2d Cir. 2001) (holding that the district court exceeded its authority in finding that it had a constitutional obligation to immediately disclose impeachment material relating to potential government witnesses upon the defendants' request; the government has a constitutional duty to disclose only "material" exculpatory and impeachment evidence, and only when such evidence was needed for its effective use at trial or at a plea proceeding and, moreover, advance disclosure of non-material information is constrained by the Jencks Act); United States v. Scotti, 47 F.3d 1237, 1249-50 (2d

---

[2]     Congress passed the Jencks Act in response to the Supreme Court's decision in Jencks v. United States, 353 U.S. 657, 1 L. Ed. 2d 1103, 77 S. Ct. 1007 (1957), which held that a criminal defendant had a due process right to inspect, for impeachment purposes, prior statements that a government witness had made to a government agent, see id. at 667-72. See generally Palermo v. United States, 360 U.S. 343, 345-48, 358-60, 3 L. Ed. 2d 1287, 79 S. Ct. 1217 (1959) (discussing the history of the Jencks Act). The Jencks Act was enacted to clarify that the Government need not disclose such statements to the defense until after the government witness has testified against the defendant on direct examination in open court. See United States v. Covello, 410 F.2d 536, 543 (2d Cir. 1969) (citation omitted). It was also adopted in order to limit the application of Jencks to prior "statements" of government witnesses, see 18 U.S.C. § 3500(e) (defining the term "statement"), and to provide an exclusive procedure for the handling of demands by a defendant for the production of such statements. See Covello, 410 F.2d at 543.

Cir. 1995) (denying pretrial production of Jencks Act material and citing United States v. Sebastian, 497 F.2d 1267, 1269-70 (2d Cir. 1974) (holding the court cannot compel pretrial production of Jencks Act material)); In re United States, 834 F.2d 283, 286-87 (2d Cir. 1987) (holding that the Jencks Act provided the exclusive procedure for discovering statements that government witnesses, including coconspirators, had given to law enforcement agencies, and that the district court had no inherent power to modify or amend the Jencks Act); United States v. Sebastian, 497 F.2d 1267, 1268-69 (2d Cir. 1974) (finding that the trial court erred in suppressing certain materials after the government refused to produce such materials on the ground that the Jencks Act compelled such disclosure only after a witness had testified on direct examination at trial); United States v. Percevault, 490 F.2d 126, 129 (2d Cir. 1974) (overturning an order calling for pre-trial disclosure of Jencks material and holding that "the district court did not have the statutory authority to compel disclosure [of Jencks Act material], over the government's objection, prior to trial"); see also United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982) (citing cases from all circuits).

As the cases cited make clear, this Court may not circumvent the specific statutory provisions in the Jencks Act.  The government asserts that it will "provide Jencks Act material . . . at least one week prior to the start of evidence," and nothing more is required.

To the extent that Defendant seeks discovery of statements made by co-conspirators, such statements are not discoverable.  The Jencks Act "provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies," In re United States, 834 F.2d at 286, and as such, "statements of witnesses or prospective witnesses, including co-conspirators, are not discoverable until after the witness testifies," United States v.

Tarantino, 846 F.2d 1384, 1418 (D.C. Cir. 1988).  To the extent that it is argued that such statements are discoverable pursuant to Federal Rule of Criminal Procedure 16, the Second Circuit has held that "[a] coconspirator who testifies on behalf of the government is a witness under the [Jencks] Act," and therefore, co-conspirator statements, like other witness statements, are constrained by that provision. In re United States, 834 F.2d at 286-87; accord United States v. Percevault, 490 F.2d 126, 130-31 (2d Cir. 1974).  Moreover, numerous other courts have also held that Rule 16 does not apply to co-conspirator statements. See United States v. Tarantino, 846 F.2d 1384, 1418 (D.C. Cir.) (holding that the phrase "statements made by the defendant," as used in Rule 16(a)(1)(A), "does not include statements made by co-conspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay"); cert. denied, 488 U.S. 840, 109 S. Ct. 108, 102 L. Ed. 2d 83 (1988); United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) ("Rule 16(a)(1)(A) does not apply to coconspirator's statements."); United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (en banc) ("The plain language of Fed.R.Crim.P. 16(a)(1)(A) pertains to the discovery of statements 'made by the defendant;'" co-conspirator statements are governed by the Jencks Act); United States v. Eisenberg, 773 F. Supp. 662, 682 (D.N.J. 1991) ("The weight of authority does not support extending Rule 16(a)(1)(A) beyond its literal mandate requiring disclosure of a defendant's own statements."); United States v. Munoz, 736 F. Supp. 502, 504 (S.D.N.Y. 1990) ("The statements made by co-conspirators are not discoverable under Federal Rule of Criminal Procedure 16(a).").

In the alternative, Defendant asks this Court to be the first to find the Jencks Act unconstitutional.  The Second Circuit has made clear, however, that "unless and until the Supreme Court rules otherwise we shall adhere to [our prior decisions] and hold that the

enactment of [18 U.S.C. §] 3500 was a valid exercise of Congressional power." United States v. Stromberg, 268 F.2d 256 (2d Cir. 1958).  Indeed, the Supreme Court has said that the Jencks Act, applied as interpreted in Palermo v. United States, 360 U.S. 343, 353 n.11, 79 S. Ct. 1217, 3 L. Ed. 2d 1287 (1959), "does not reach any constitutional barrier."  The Palermo Court reasoned that:

> Congress has the power to prescribe rules of procedure for the federal courts, and has from the earliest days exercised that power. The power of this Court to prescribe rules of procedure and evidence for the federal courts exists only in the absence of a relevant Act of Congress. Much of the law of evidence and of discovery is concerned with limitations on a party's right to have access to, and to admit in evidence, material which has probative force. It is obviously a reasonable exercise of power over the rules of procedure and evidence for Congress to determine that only statements of the sort described in [18 U.S.C. § 3500](e) are sufficiently reliable or important for purposes of impeachment to justify a requirement that the Government turn them over to the defense.

Id. (internal citations omitted).  In a recent case, a district court granted a discovery motion such as that requested by Defendant, and found that the government had a constitutional obligation to immediately disclose impeachment material relating to potential government witnesses upon the defendants' request. See Coppa, 267 F.3d 132.  The Second Circuit reversed the discovery order and held that the government has a constitutional duty to disclose only "material" exculpatory and impeachment evidence, and only when such evidence was needed for its effective use at trial or at a plea proceeding and, moreover, that advance disclosure of non-material information is constrained by the Jencks Act.  Id.  Defendant cites no Supreme Court or Second Circuit decisions suggesting that the Jencks Act is unconstitutional.

To the extent that Defendant's motion requests an order pursuant to the Jencks Act requiring the government to provide witness statements before such witnesses testify, the motion

is denied.  Moreover, in light of the authority cited above, this Court declines to hold the Jencks Act unconstitutional.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Bill of Particulars [Doc. No. 33] is **denied**, and Defendant's Motion to Compel Discovery, to Preclude Witnesses, or to Declare the Jenks Act Unconstitutional [Doc. No. 34] is **denied**.  The Court was able to resolve these motions on the papers and accordingly, Defendant's Motion for Oral Argument [Doc. No. 35] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, September  _19_ , 2006.

_____
/s/
Peter C. Dorsey, U.S. District Judge
United States District Court