# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No: 3:06cr160 (PCD) |
| | : | |
| AZIKIWE AQUART | : | |

## RULING ON DEFENDANT'S MOTION TO DISMISS

Defendant Azikiwe Aquart moves this Court to dismiss Count Two of the Indictment. The government objects to Defendant's motion. For the reasons set forth herein, Defendant's Motion to Dismiss [Doc. No. 60] is **denied**.

## I. BACKGROUND

Count One of the Superseding Indictment charges Defendant and others—including Defendant's brother, Azibo Aquart—with conspiring to distribute more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Count Two charges Defendant with possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The drug conspiracy charged in Count One is alleged to have existed from November 2004 through August 2005. No drugs or physical evidence have been seized in connection with the conspiracy charge. Defendant was not arrested until May 24, 2006, at which time a small quantity of crack cocaine was seized from him. Count Two, charging Defendant with possession with intent to distribute, arose as a result of that seizure.

## II. DISCUSSION

Under Federal Rule of Criminal Procedure 8(a), an indictment "may charge a defendant

in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Where the government joins two or more offenses in an indictment, "the court may order separate trials of counts . . . or provide any other relief that justice requires" if a defendant would be prejudiced by the consolidation of the charges at trial. Fed. R. Crim. P. 14(a). The decision of whether to order separate trials or provide other relief is addressed to the discretion of the district court. Fed. R. Crim. P. 14 advisory committee's note; United States v. Blakney, 941 F.2d 114, 116 (2d Cir. 1991); United States v. Werner, 620 F.2d 922, 928 (2d Cir. 1980); United States v. Jimenez, 824 F. Supp. 351, 366 (S.D.N.Y. 1993).

In order to prevail on a motion for separate trials or other relief under Rule 14(a), Defendant must show "not simply some prejudice but substantial prejudice" inherent in a single trial. Werner, 620 F.2d at 928; see also Blakney, 941 F.2d at 116 (defendant must show "'substantial prejudice' in the form of a 'miscarriage of justice'") (internal citations omitted); United States v. Tutino, 883 F.2d 1125, 1130 (2d Cir. 1989) ("To challenge the denial of a severance motion, a defendant must sustain an 'extremely difficult burden.'"). "Merely establishing that a defendant would have had a better chance for acquittal at a separate trial is not sufficient to show substantial prejudice." Tutino, 883 F.2d at 1130; accord Jimenez, 824 F. Supp. at 367. Defendant must show that he would be so prejudiced by the joinder of the charges that he will be denied a constitutionally fair trial. Tutino, 883 F.2d at 1130 (citing United States v. Burke, 700 F.2d 70, 83 (2d Cir.), cert. denied, 464 U.S. 816, 78 L. Ed. 2d 85, 104 S. Ct. 72 (1983); United States v. Cunningham, 723 F.2d 217, 230 (2d Cir. 1983), cert. denied, 466 U.S. 951, 80 L. Ed. 2d 540, 104 S. Ct. 2154 (1984); United States v. Rucker, 586 F.2d 899, 902 (2d

Cir. 1978)).

There is always the possibility of prejudice when two or more charges are joined, for "even when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one." Werner, 620 F.2d at 929 (quoting United States v. Smith, 112 F.2d 83, 85 (2d Cir. 1940)). In that regard, however, the Second Circuit recognized that "Congress has authorized consolidation in the belief that public considerations of economy and speed outweigh possible unfairness to the accused." Id. Similarly, in Jimenez, the court held that "[j]udicial economy is the primary factor to be considered by the district court in the exercise of this discretion," noting that "[t]he risks of prejudice attendant in a joint trial are presumptively outweighed by the conservation of time, money, and scarce judicial resources that a joint trial permits." 824 F. Supp. at 366 (citing, among others, United States v. Lanza, 790 F.2d 1015, 1019 (2d Cir.), cert. denied, 479 U.S. 861, 107 S. Ct. 211, 93 L. Ed. 2d 141 (1986); United States v. Figueroa, 618 F.2d 934, 944 (2d Cir. 1980)); see also United States v. Alvarado, 882 F.2d 645, 655 (2d Cir. 1989) ("in determining whether severance was properly denied, we must consider the need for judicial economy . . .") (internal quotations omitted).

Defendant asserts that there is no connection between the two crimes charged here and argues that he will suffer "extreme prejudice" from the joinder of the charges, as the only physical evidence against him is the drugs seized from him at the time of his arrest, long after the conspiracy is alleged to have ended.[1] The government argues that the two charges are of a

---

[1] Defendant also argues that Count Two should be dismissed. Because there is no authority in support of his motion to dismiss Count Two, his motion is denied in that respect. The Court will proceed to address the question of whether the two charges may be tried together in one trial or whether separate trials are required.

3

sufficiently similar character to be tried jointly. Moreover, the government asserts that the drugs seized at the time of Defendant's arrest will be admissible at the trial of his conspiracy charge. Specifically, the government contends that Defendant's possession of a "distribution quantity" of crack cocaine on the day of arrest, even though months after the conspiracy had ended, would be admissible to establish Defendant's intent.

As set forth above, Rule 8(a) permits the joinder of charges which are "of the same or similar character." In Werner, the Second Circuit cited defined similar as "'early corresponding; resembling in many respects; somewhat alike; having a general likeness,'" and held that "requiring too precise an identity between the character of the offenses would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction." 620 F.2d at 926 (quoting Webster's New International Dictionary (2d ed.)). The crimes charged here are "similar," in that both involve the intent to distribute crack cocaine. Moreover, it is likely that the evidence used to establish both charges will be similar. "Evidence of other crimes, wrongs, or acts . . . . may . . . be admissible . . . as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also United States v. Cavallaro, 553 F.2d 300, 305 (2d Cir. 1977) ("It is well-established in this circuit that evidence of subsequent similar acts including other crimes, is admissible . . . ."). Because the charges involved are "similar" and "the same evidence may be used to prove each count," United States v. Blakney, 941 F.2d 114, 116 (2d Cir. 1991), joinder is proper here.

III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 60] is **denied**. Even

4

though separate trials are not required by law, the Court will give Defendant the option of a separate trial on Count Two of the Superseding Indictment. Defendant shall notify the Court on or before March 30, 2007 as to whether he wants a separate trial on Count Two and if so, the parties shall proceed with jury selection for a trial on that count on April 5, 2007.

SO ORDERED.

Dated at New Haven, Connecticut, March  19 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court